UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TONEVA MUNROE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RADIUS GLOBAL SOLUTIONS, LLC., <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMAND** |

## CLASS ACTION COMPLAINT

### Introduction

1. In October 2019 Plaintiff Toneva Munroe fully settled her student loan debt with Navient Solutions, LLC ("Navient"). She made an agreement with Navient's servicer, Radius Global Solutions, LLC ("Radius"), to resolve the balances owed on her three student loans. Radius acknowledged to Ms. Munroe in October 2019 that her student loan debts were resolved, and the balance outstanding was zero.

2. Despite settling Ms. Munroe's debt and receiving full payment on the settlement, in January 2020 Radius sent her a collection letter demanding payment of more than $5,000 for one of the settled accounts, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and M.G.L Chapter 93A. And it impermissibly obtained a copy of her credit report, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681.

3. Consumer complaints filed with the CFPB indicate that Radius has attempted to collect settled and paid off debt of many other consumers in the last four years.

4. For example, on December 3, 2019, a consumer from Colorado filed a CFPB complaint (No. 3456774) alleging that "Radius Global Solutions has been attempting to collect a debt that was paid in full" following a settlement agreement offered by Radius.

5. Similarly, a private student loan borrower alleged (No. 2480526) in 2017 that a Radius subsidiary attempted to collect on an "account [that] was paid in full according to [their] settlement agreement." As with Munroe, this consumer has documentation from both Radius and the creditor confirming receipt of the final settlement payment.

6. In other cases, consumers complained that Radius reneged on their settlement agreements even though the consumers were purportedly still in compliance and making payments (No. 2725548, No. 3212998) or that Radius denied the existence of settlement agreements after consumers had fulfilled the terms of the agreements (No. 2841643, No. 2940319, No. 3084057).

7. Accordingly, Ms. Munroe asserts claims individually and on behalf of three classes of similarly situated persons against Radius for engaging in abusive, deceptive, and unfair debt collection practices prohibited by the FDCPA, 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and M.G.L. Chapter 93A.

## Jurisdiction

8. This court has jurisdiction of the federal claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction of the state law claim under 28 U.S.C. § 1367.

9. Venue is proper because Ms. Munroe resides in this District, Defendant Radius transacts business in this District, and the debt collection activity at issue in this case occurred in this District.

## Parties

10. Plaintiff Toneva Munroe is a natural person who resides in Boston, Massachusetts, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

11. Defendant Radius Global Solutions, LLC., is a limited liability company with a principal place of business in Edina, Minnesota.

12. At all times during the class period, Radius has had contracts with Navient and other creditors to collect delinquent and defaulted student loan debt owned or serviced by them.

13. Pursuant to these contracts, Radius regularly attempts to collect and collects, directly and indirectly, consumer debts it obtained in default and that are owed or due or asserted to be owed or due others. It is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6), as it has acknowledged in its communications with Ms. Munroe.

14. Radius is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

## Background on Plaintiff and Her Settlement Agreement

15. Ms. Munroe received student loans for $6,000 in August 2005, $9,000 in December 2008, and $4,000 in September 2009 to finance her attendance at the University of Massachusetts Amherst.

16. As of 2019, Navient owned the balance of $29,091.95 remaining on these loans. Acting on behalf of Navient, employees of Radius placed a series of phone calls, followed by letters, to Ms. Munroe regarding her ability to pay some portion of this balance. Ms. Munroe explained that she was unable to make any payment then, but expected to receive some funds from a third party soon thereafter.

17. On October 2, Radius again called Ms. Munroe and told her that it could extend the time stated in previous offers for a lump sum payment to pay off the loans. Later that day, following this phone call, Radius sent a letter to Ms. Munroe on behalf of Navient indicating that "a onetime payment of $2,744.80" received by October 25, 2019 would resolve Ms. Munroe's existing financial obligations on these student loans.

18. On October 15, 2019, Metro Housing Boston issued a check for $2,744.80 to Radius on behalf of Ms. Munroe.

19. On October 21, 2019, Radius received the $2,744.80 check from Metro Housing Boston for Ms. Munroe.

20. On October 23, 2019, Radius sent a letter to Ms. Munroe on behalf of Navient indicating that Radius had received one-time payment in accordance with the October 2, 2019 settlement agreement and that accounts #0101-9934507476, #0104-

9934507476, and #0105-9934507476 were "resolved for less than the full balance." The letter indicated that the balance on the accounts was $0.00.

21. On November 22, 2019, Navient sent a letter to Ms. Munroe indicating that on October 23, 2019 it had received final settlement payments on three private student loan accounts.

22. On January 5, 2020, Radius obtained a consumer report on Ms. Munroe in furtherance of its collection activity on account #0101-9934507476.

23. On January 6, 2020, Radius sent a letter to Ms. Munroe attempting to collect an alleged balance of $5,031.84 on account #0101-9934507476.

24. Ms. Munroe was upset and distressed by this letter because any remaining balance on account #0101-9934507476 had been fully satisfied by October 23, 2019, and Ms. Munroe accordingly did not owe any amount to Radius or Navient on the account.

25. Based upon consumer complaints filed with the Consumer Financial Protection Bureau, Ms. Munroe alleges that Radius has attempted to collect from scores if not hundreds of consumers in the one-year period immediately preceding the filing of this Complaint alleged debts that had been previously settled and paid off, and multiples of those numbers in the four years preceding its filing, the Chapter 93A statute of limitations.

26. Upon information and belief, Radius has impermissibly obtained the consumer reports of scores if not hundreds of consumers or more in the two-year period immediately preceding the filing of this Complaint, the FCRA statute of limitations.

## Class Allegations

27.     Ms. Munroe brings this action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following defined classes: (1) The Chapter 93A Class, consisting of all consumers in Massachusetts from whom Radius collected or attempted to collect, at any time since four years prior to the filing of this Complaint, an alleged debt that the consumers had previously paid in full pursuant to a settlement made with Radius and their creditors; (2) the FDCPA Class, consisting of all consumers from whom Radius collected or attempted to collect, at any time since one year prior to the filing of this Complaint, an alleged debt that was in default when Radius obtained it and that the consumers had settled and paid in full with Radius and their creditors at the time Radius collected or attempted to collect it; and (3) the FCRA Class, consisting of all consumers whose consumer reports Radius obtained, at any time since two years prior to the filing of this Complaint, after the consumer had settled and paid in full any debts that Radius was responsible to collect.

28.     <u>Numerosity—Fed. R. Civ. P. 23(a)(1)</u>. The members of the Chapter 93A, FDCPA and FCRA Classes are respectively so numerous that joinder of all members is impracticable. The exact number or identification of the members in each class is presently unknown. On information and belief each class includes at least scores of individuals across the country. The identity of the members in each class is ascertainable and can be determined based on available records maintained by Radius.

29.     <u>Typicality—Fed. R. Civ. P. 23(a)(3)</u>. Ms. Munroe's claims are typical of the claims of the three Classes because Ms. Munroe and the putative class members were

subject to, and affected by, the same systemic policy and practice of seeking to collect on settled and satisfied debt and obtainment of consumer reports in connection therewith, as alleged herein.

30. <u>Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1)</u>. Ms. Munroe is an adequate representative because she is a member of each class and her interests do not conflict with the interests of the class members that she seeks to represent. Ms. Munroe is represented by experienced and competent Class Counsel. Class Counsel have litigated scores of class actions, including cases brought under the FDCPA, FCRA and Chapter 93A. Ms. Munroe's counsel intends to prosecute this action vigorously for the benefit of all class members. Ms. Munroe and Class Counsel can fairly and adequately protect the interests of all class members.

31. <u>Common Questions and Predominance—Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>. There are multiple questions of law and fact common to the Chapter 93A, FDCPA and FCRA Classes respectively that will predominate over questions affecting only individual class members. These include whether Radius is a debt collector; whether it violated the FDCPA by collecting or attempting to collect alleged debts even though the debts had been settled and paid; whether it obtained consumer reports on consumers who had already settled and paid debts it was hired to collect; whether it recklessly violated the FCRA by obtaining consumer reports without a permissible purpose because the debt it was hired to collect had been paid or satisfied; whether these practices violate Chapter 93A; whether Radius's debt collection conduct was willful or knowing and warrants awarding multiple damages under Chapter 93A.

32. <u>Superiority—Fed. R. Civ. P. 23(b)(3)</u>. The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the members of the classes would have no reasonable remedy. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I**
**THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**Mass. Gen. Laws c. 93A, § 2(a)**
**UNFAIR AND DECEPTIVE PRACTICES**

33. Mass. Gen. Laws c. 93A, § 2(a) prohibits any "unfair or deceptive acts or practices in the conduct of any trade or commerce."

34. Mass. Gen. Laws c. 93, § 49 further provides that it is a violation of Mass. Gen. Laws c. 93A to attempt to collect a debt for personal, family or household purposes "in an unfair, deceptive or unreasonable manner."

35. 940 Mass. Code Regs. 7.07(2) further provides that it is a violation of Mass. Gen. Laws c. 93A to attempt to collect any debt by engaging in "[a]ny knowingly false or misleading representation in any communication as to the character, extent or amount of the debt."

36. 940 Mass. Code Regs. 7.07(2) further provides that it is a violation of Mass. Gen. Laws c. 93A to attempt to collect any debt by engaging in "[a]ny false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt."

37. 940 Mass. Code Regs. 3.16(4) further provides that a violation of the FDCPA constitutes a violation of c. 93A.

38. Radius pursued collection activities against Chapter 93A Class members despite the fact that they had previously settled and paid their debts in full and did not owe anything on the accounts on which Radius attempted to collect.

39. To initiate said collection against class members, Radius falsely represented the amount of the Chapter 93A Class members' debt.

40. Therefore, Radius violated Mass. Gen. Laws c. 93A, § 2(a) by falsely representing the amount of the Chapter 93A Class members' debt in connection with the collection of those alleged debts and by violating the FDCPA, as alleged below in Count II.

41. In addition, the above described actions violate Mass. Gen. Laws c. 93A, § 2(a) because they constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

42. Because Radius does not maintain a place of business or keep assets within Massachusetts, a 30-day demand letter is not required as a prerequisite for asserting a violation of c. 93A. Mass. Gen. Laws c. 93A, § 9(3).

**COUNT II**

## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e
## FALSE OR MISLEADING REPRESENTATIONS

43. 15 U.S.C. § 1692e provides that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. Section 1692e(2)(A) further provides that it is a violation to make a "false representation of . . . the character, amount, or legal status of any debt."

45. Section 1692e(10) further provides that it is a violation to "use any false representation or deceptive means to collect or attempt to collect any debt."

46. Ms. Munroe is a "consumer" as that term is defined in section 1692a(3) because she is a natural person allegedly obligated to pay the student loan debt Radius sought to collect.

47. Private student loans are "debts" as that term is defined in section 1692a(5) because they are obligations by a consumer, in this case Ms. Munroe and class members, to pay money arising out of a transaction in which the money is used for a personal, family, or household purpose, in this case higher education intended for personal growth.

48. Radius pursued collection activities against the FDCPA Class members despite the fact that they had previously settled and paid their debts in full and owed nothing on the accounts on which Radius attempted to collect.

49. Therefore, Radius violated 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10)(A) by falsely representing the amount of the FDCPA Class members' debt to them in connection with the collection of their alleged debts.

50. In addition, the above described actions violate 15 U.S.C. § 1692e because they constitute false, deceptive, or misleading representations or means to collect alleged debt.

## COUNT III
## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f
## UNFAIR PRACTICES

51. 15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

52. Section 1692f(1) further provides that it is a violation to collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

53. Radius was not permitted to collect any amount on the FDCPA Class members' loan agreements because the debt balances that allegedly remained in the accounts were settled and paid according to the terms of the settlement agreements and payments made pursuant thereto.

54. Radius delivered collection notices to the FDCPA Class members in an attempt to collect alleged debts on accounts that had already been settled and paid.

55. Therefore, Radius violated 15 U.S.C. § 1692f(1) by attempting to collect on debts where it was not expressly authorized by the agreement creating the debt or permitted by law.

56. In addition, the above described actions violate 15 U.S.C. § 1692f because they are unfair and unconscionable means to collect allegedly defaulted student loan debt.

## COUNT IV
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b
## IMPERMISSIBLY OBTAINING CONSUMER REPORTS

57. 15 U.S.C. § 1681b(f) prohibits a "person" from using or obtaining a consumer report without a permissible purpose.

58. Radius is a "person" as that term is defined by 15 U.S.C. § 1681a(b) because Radius is a "partnership, corporation, . . . or other entity."

59. Ms. Munroe and the FCRA Class members are "consumers" as that term is defined by 15 U.S.C. § 1681a(c) because they are individuals.

60. The report on Ms. Munroe obtained by Radius on January 5, 2020 is a consumer report as that term is defined by FCRA section 1681a(d)(1) because it included "information by a consumer reporting agency bearing on a consumer's credit worthiness."

61. Section 1681b(a)(3)(A) does not permit debt collectors like Radius to obtain an individual's consumer report in the furtherance of collection activity when the individual does not owe the alleged debt that the collector seeks to collect.

62. Radius was in possession of records from which it knew or could readily have determined that Ms. Munroe and the other individuals whose consumer reports it obtained had paid off the debt by settlement.

63. Radius obtained a consumer report on Ms. Munroe and other FCRA Class members in reckless disregard of the fact that the FCRA Class members did not owe a debt to Radius or a creditor with whom Radius contracts for collection services.

64. None of the permissible purposes to use or obtain a consumer report described in section 1681b(a) permitted Radius to obtain Ms. Munroe's or the consumer report of the other FCRA Class members.

65. Obtaining a consumer report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of the consumer's sensitive personal information.

66. Therefore, Radius willfully violated 15 U.S.C. § 1681b(f) by obtaining Ms. Munroe's and other FCRA Class members' consumer reports without a permissible purpose.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

1. Certify the proposed Classes under Federal Rule of Procedure 23 and appoint Ms. Munroe and her counsel to represent the Classes;

2. Find that Radius violated Mass. Gen. Laws c. 93A, § 2;

3. Enter judgment in favor of Ms. Munroe and the Chapter 93A Class and against Radius for the (i) greater of twenty-five dollars per class member or actual damages equal to all amounts improperly collected by Radius within the applicable statutory period that have not yet been reimbursed; and (ii) up to three but not less than

two times the amount specified in (i) if the Court finds that Radius's conduct was willful or knowing;

4. Award the Chapter 93A Class costs and reasonable attorneys' fees pursuant to Mass. Gen. Laws c. 93A §9;

5. Find that Radius violated 15 U.S.C. §§ 1692e and 1692f;

6. Enter judgment in favor of Ms. Munroe and the FDCPA Class and against Radius for the (i) actual damages equal to all amounts improperly collected by Radius within the applicable statutory period that have not yet been reimbursed; and (ii) maximum amount of statutory damages provided under 15 U.S.C § 1692k;

7. Award the FDCPA Class costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

8. Find that Radius willfully violated 15 U.S.C. § 1681b(f);

9. Enter judgment in favor of Ms. Munroe and the FCRA Class and against Radius for (i) the maximum amount of statutory damages provided under 15 U.S.C. § 1681n(a)(1)(A); and (ii) maximum amount of punitive damages under 15 U.S.C. § 1681n(a)(2);

10. Award the FCRA Class costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

11. Grant such other further relief as is necessary and proper.

## Jury Demand

Plaintiff demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

Respectfully submitted,

*/s/ Charles M. Delbaum*
Charles M. Delbaum (BBO #543225)
Persis Yu (BBO #685951)
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010 tel.
(617) 542-8028 fax
cdelbaum@nclc.org
pyu@nclc.org

Elizabeth Ryan (BBO # 549632)
John Roddy (BBO # 424240)
Bailey & Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
(617) 439-6730 tel.
(617) 951-3954 fax
eryan@baileyglasser.com
jroddy@baileyglasser.com

Michael Murphy*
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
(202) 463-2101 tel.
(202) 463-2103 fax
mmurphy@baileyglasser.com

COUNSEL FOR PLAINTIFFS
*Pro Hac Vice Application
Forthcoming