UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TONEVA MUNROE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>        Defendant. | CIVIL ACTION NO.  1:20-cv-10986-RWZ |

## RADIUS GLOBAL SOLUTIONS, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Radius Global Solutions, LLC ("RGS"), Answers as follows:

## INTRODUCTION

1. RGS denies the allegations in ¶ 1 as written.

2. RGS denies the allegations in ¶ 2 as written.

3. RGS denies the allegations in ¶ 3.

4. CFPB complaint No. 3456774 speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

5. CFPB complaint No. 2480526 speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

6. CFPB complaint Nos. 2725548, 3212998, 2841643, 2940319 and 3084057 speak for themselves and are the best evidence of their content.  To the extent the allegations state otherwise, they are denied.

7. RGS admits that plaintiff purports to bring this claim individually and on behalf of a class for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Massachusetts state law, M.G.L. Chapter 93A, but denies any violations, wrongdoing or liability to the extent alleged in ¶ 7.

### Jurisdiction

8. RGS denies the allegations in ¶ 8 as calling for a legal conclusion. RGS leaves all matters of jurisdiction to the Court.

9. RGS denies the allegations in ¶ 9 as calling for a legal conclusion. RGS leaves all matters of venue to the Court.

### Parties

10. RGS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

11. RGS admits the allegations in ¶ 11.

12. RGS denies the allegations in ¶ 12 as written.

13. RGS admits that it engages in debt collection and debt collection related services. Except as specifically admitted, RGS denies the allegations in ¶ 13 as calling for a legal conclusion.

14. RGS denies the allegations in ¶ 14 as calling for a legal conclusion.

### Background on Plaintiff and Her Settlement Agreement

15. RGS denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. RGS admits that it had an account in plaintiff's name, and that it contacted her. Except as specifically admitted, RGS denies the allegations in ¶ 16.

17. RGS admits that it had an account in plaintiff's name, and that it contacted her.

Except as specifically admitted, RGS denies the allegations in ¶ 17.

18. RGS denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. RGS denies the allegations in ¶ 19 as written.

20. The October 23, 2019 Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

21. The November 22, 2019 Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

22. RGS denies the allegations in ¶ 22.

23. The January 6, 2020 Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

24. RGS denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. RGS denies the allegations in ¶ 25.

26. RGS denies the allegations in ¶ 26.

## Class Allegations

27. RGS admits only that plaintiff purports to bring this action pursuant to Rules 23(a) and (b)(3) on behalf of a class as defined in ¶ 27, and further denies that this lawsuit meets the requirements of a class action.

28. RGS denies the allegations in ¶ 28 and further denies that this lawsuit meets the requirements of a class action.

29. RGS denies the allegations in ¶ 29 and further denies that this lawsuit meets the requirements of a class action.

30. RGS denies the allegations in ¶ 30 and further denies that this lawsuit meets the requirements of a class action.

31. RGS denies the allegations in ¶ 31 and further denies that this lawsuit meets the requirements of a class action.

32. RGS denies the allegations in ¶ 32 and further denies that this lawsuit meets the requirements of a class action.

**COUNT I**
**THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**Mass. Gen. Laws c. 93A, § 2(a)**
**UNFAIR AND DECEPTIVE PRACTICES**

33. Mass. Gen. Laws c. 93A, § 2(a) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

34. Mass. Gen. Laws c. 93, § 49 speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

35. 940 Mass. Code Regs. 7.07(2) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

36. 940 Mass. Code Regs. 7.07(2) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

37. 940 Mass. Code Regs. 3.16(4) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

38. RGS denies the allegations in ¶ 38.

39. RGS denies the allegations in ¶ 39.

40. RGS denies the allegations in ¶ 40.

41. RGS denies the allegations in ¶ 41.

42. RGS denies the allegations in ¶ 42 as calling for a legal conclusion.

## COUNT II
## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e
## FALSE OR MISLEADING REPRESENTATIONS

43. 15 U.S.C. § 1692e speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

44. 15 U.S.C. § 169e(2)(A) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

45. 15 U.S.C. § 1692e(10) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

46. RGS denies the allegations in ¶ 46 as calling for a legal conclusion.

47. RGS denies the allegations in ¶ 47 as calling for a legal conclusion.

48. RGS denies the allegations in ¶ 48.

49. RGS denies the allegations in ¶ 49.

50. RGS denies the allegations in ¶ 50.

## COUNT III
## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f
## UNFAIR PRACTICES

51. 15 U.S.C. § 1692f speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

52. 15 U.S.C. § 1692f(1) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

53. RGS denies the allegations in ¶ 53.

54. RGS denies the allegations in ¶ 54.

55. RGS denies the allegations in ¶ 55.

56. RGS denies the allegations in ¶ 56.

## COUNT IV
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b
## IMPERMISSIBLY OBTAINING CONSUMER REPORTS

57. 15 U.S.C. § 1681b(f) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

58. RGS denies the allegations in ¶ 58 as calling for a legal conclusion.

59. RGS denies the allegations in ¶ 59 as calling for a legal conclusion.

60. RGS denies the allegations in ¶ 60 as calling for a legal conclusion.

61. 15 U.S.C. § 1681b(a)(3)(A) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

62. RGS denies the allegations in ¶ 62.

63. RGS denies the allegations in ¶ 63.

64. RGS denies the allegations in ¶ 64.

65. RGS denies the allegations in ¶ 65 as calling for a legal conclusion.

66. RGS denies the allegations in ¶ 66.

### Prayer for Relief

RGS denies that plaintiff is entitled to any relief, including the relief sought in subparts (1) through (11).

### Jury Demand

RGS denies that plaintiff is entitled to a jury trial.

### **AFFIRMATIVE DEFENSES**

AND NOW, in further answer to plaintiff's complaint, RGS asserts the following affirmative defenses to plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's complaint fails to state a claim against RGS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the purported claims because she has not suffered any damages as a result of the alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims are subject to a binding arbitration agreement and/or class action bar.

### FIFTH AFFIRMATIVE DEFENSE

To the extent there is any violation of the FDCPA, which is denied, such violation was the result of bona fide, i.e., non-intentional error, notwithstanding RGS's maintenance of policies and procedures to ensure that the amount it seeks to collect is accurate and that it properly identifies the creditor.

### SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring the purported claims.

**NINTH AFFIRMATIVE DEFENSE**

RGS's conduct at all times was in good faith and neither unfair nor deceptive, and has caused plaintiff no harm.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has not complied with Chapter 93A's procedural requirements, and RGS's conduct has been neither unfair nor deceptive, and has caused plaintiff no harm.

WHEREFORE, defendant, Radius Global Solutions, LLC requests this Answer be deemed good and sufficient, plaintiff's lawsuit be dismissed with prejudice at plaintiff's costs pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and costs for RGS, and for all other general and equitable relief.

RADIUS GLOBAL SOLUTIONS, LLC,
By its Attorneys,

*/s/ Kristyn M. Kelley*
John J. O'Connor, BBO No. 555251
Kristyn M. Kelley, BBO No. 693787
Peabody & Arnold, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02110-2261
Telephone: (617) 951-2010
joconnor@peabodyarnold.com
kkelley@peabodyarnold.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

Charles M. Delbaum, Esq.
Persis Yu, Esq.
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
cdelbaum@nclc.org
pyu@nclc.org

Elizabeth Ryan, Esq.
John Roddy, Esq.
Bailey & Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
eryan@baileyglasser.com
jroddy@baileyglasser.com

Michael Murphy, Esq.
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW, Ste. 540
Washington, DC 20007
mmurphy@baileyglasser.com

*/s/ Kristyn M. Kelley*
Kristyn M. Kelley, Esq.

1772705_1
15998-206319